STATE OF SOUTH CAROLINA,  )   IN THE COURT OF COMMON PLEAS 2018
COUNTY OF Marlboro        )
                          )                GENERAL COUNSEL
Charles E. Thomas         )   SUMMONS
                          )
              Plaintiff,  )
                          )
vs.                       )   FILE NO.
                          )   2017 CP 40 4347
South Carolina Department of  )
Corrections, et al        )
              Defendant.  )

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

, South Carolina

_Charles E. Thomas_
Plaintiff/Attorney for Plaintiff

Dated: July 10, 2017

Address:
~~South Carolina Department of Corrections~~
~~4444 Broadriver Rd~~
~~Columbia, SC 29210~~

Charles E. Thomas # 128376
Evans Corr. Inst. / FUA-~~26~~ 275
6/0 Hwy 9 West
Bennettsville, S.C. 29512

SCCA 401 (5/02)

STATE OF SOUTH CAROLINA
COUNTY OF Marlboro

Charles E. Thomas
　　　　Plaintiff,

v.

South Carolina Department of Corrections, et al
　　　　Defendant(s).

IN THE COURT OF COMMON PLEAS

Civil Action No. 2017CP4004347

MOTION AND DEMAND
TO
Refile the above action
order to serve Defendant(s) the
Summons and Complaint

Allow a modified version of
the original Complaint

Copies of Three (3) Summons
and Complaint

October 02, 2018

Dear Clerk of Court,

I was at a hearing today at this court. I think Judge Benjamin said something about a Continuation, and to refile on Case no. 2017-CP-40-4347, dismissing two (2) of the motions. Due to me not serving the defendant(s) the Summons and Complaint. Therefore I would like to move the court to allow me to refile this action to bring it into proper form. Also reminding the Courts that I am a pro se litigant (1983) and is filing under In forma pauperis guidelines. Also if possible, the plaintiff request Three (3) copies of the Summons and the Complaint.

Sincerely,
Charles E. Thomas
Plaintiff
October 02, 2018

# COVER SHEET

Complaint and or Allegations

Charles Edward Thomas
                    Plaintiff,

vs.

South Carolina Department of Corrections, et al
                                    Defendants).

October 05, 2018

Civil Action Complaint

Violation: Title II of The Americans with Disabilities Act.

Section 504 of The Rehabilitation Act of 1973.

Discrimination.
(etc, all)

Charles Edward Thomas #124376

                Plaintiff,

vs.

South Carolina Department of Corrections et al

                Defendant(s)

October 05, 2018

page 1

## Statement

On September 02, 2004, I was sentence to the South Carolina Department of Corrections for a probation violation with pending charges. I completed (3) three months. Then I was sent back to the Richland County Jail, also known as Alvin S. Glenn Detention Center on December 31, 2004. Then on February 14, 2005, I was sentence to 18 years for burglary 1st degree, again to the South Carolina Department of Corrections. I was housed at the Kirkland Correctional Institution Receiving and Evaluation (R&E). On both occasion, I was segregated from the inmate general population, and restricted to the (D) dorm in the lower structure of the dormitory. Which was known to most inmates and employees as the HIV/AIDS dorm. Also on both occasion I was segregated and restricted to the Marion, Wateree then later the Monticello Dormitory at the Broadriver Correctional Institution. You can say from September 02, 2004 to October 31, 2013, I was automatically and illegally segregated, solely due to my disability. I was also discriminated against for (9) nine years. The following violations and accompanied case cites, to prove my allegations. I was added to a class action suit, that was initiated in 2001. I presume that the administrative process, was done by Mr. Bowman in that class action. It should solidify my claim since the allegations are exact.

(2)

I was illegally segregated solely due to my disability. Which in a landmark 1998 Supreme Court decision brought this issue to what appears to be a final determination. The Court in Bragdon V. Abbott (1998) held that a patients positive HIV status was a disability under the ADA, even when the HIV-positive person was asymptomatic. Also under the ADA, it prohibits discrimination. My rights to privacy was violated, my civil rights was violated, my 5th, 14th Amendment rights to the United States Constitution, to which I am protected under and guaranteed by. Not to mention state and federal laws. This case was later taken up by the American Civil Liberties Union (ACLU), who filed another class action on behalf of the S.C. incarcerated HIV positive inmates. In which the ACLU argued the class action. An injunction was rendered. July 10, 2013 was the day, when the South Carolina Department of Corrections made history. They had to desegregate all of the HIV positive inmates. I do believe as being a United States Citizen of America, I am guaranteed equal protection of the law. I was not granted that for (9) nine years. The defendants was negligent in their approach and preperation in housing HIV inmates without regards to my confidentiality and right to privacy. There was approximately (1,100) eleven hundred

(19)

non-HIV inmates, who on a daily basis, knew my HIV status due to situated housing assignments. I did not sign a consent form for the defendants to share my private medical information. But I did sign a legal document stating that my medical condition would be kept confidential, but it was not. The Dormitories named in this statement, were tell tale signs. These are the various violations that was done to me.

Violation(s) + Supportive Case Cites

(1) Title II of The Americans with Disabilities

Case cite   Title II Americans with Disabilities Act 42 U.S.C. 12132

(2) Federal Law

Case cite   Mandate from U.S. Supreme Court Bragdon v. Abbott 524 U.S. 624 (1998)

(3) Color of State law

Case cite   Atkins v. Lanning, D.C. Okl., 415 F. Supp. 186, 188

(4) State Laws

Case cite   S.C. Rule title 44-29-135 (a)(b)(c) page 396 Confidentiality of Sexually Transmitted Disease. South Carolina Constitution Article 1 Section 10 the state do have a privacy law. South Carolina Constitution Article 1 Section 3 Due process and equal protection of law 1970 (56) 2684; 1971 (57) 315. page 42 note 26

(4)

Case Cite Amendments 5 + 14 Due process and equal protection of the law.

### Conclusion

In my conclusion, I ask the Court to make a conscientious decision, as to was or was not the conduct of the defendant(s) within strict conformity of state and federal laws.

### Relief Sought

The plaintiff in the foregoing civil action suit, humbly ask the Court to grant punitive and compensatory damages for the suffering bestowed upon the plaintiff by the defendant(s). (1) Breach of Confidentiality (2) Emotional and mental anguish (3) Discrimination (4) Disadvantage of a person with a disability. And any other remedy deemed just and fair by the Court. Plaintiff seek $300,000.00 and immediately release from custody without paper work. An out of court settlement is negotiable.

Sincerely,
Carles E. Thomas
Plaintiff

October 05, 2018

Page 5

NOTARY SERVICE

Sworn to and before me
This 5th day of October 2018

_S. Queen_
Notary Public for South Carolina

My Commission Expires  2/17/24

RICHLAND COUNTY
FILED
2018 OCT 17   AM 9:00
JEANNETTE W. MCBRIDE
C.C.P. & G.S.

_Charles E. Thomas_
Plaintiff

October 05, 2018
Date

NOTARY SERVICE

SWORN TO AND BEFORE ME
THIS 20 DAY OF November 2018

_Susan Qublu_
NOTARY PUBLIC FOR SOUTH CAROLINA

MY COMMISSION EXPIRES     2-17-24


_Charles E. Thems_
PLAINTIFF

11/20/2016
DATE