IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles E. Thomas, # 128376, | ) CIVIL ACTION NO. 9:18-3579-CMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| South Carolina Department of Corrections, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This action was originally filed by the Plaintiff, an inmate with the South Carolina Department of Corrections, in the South Carolina Court of Common Pleas, Beaufort Division. The case was removed to this Court by the Defendant on December 2, 2018 based on federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff alleges constitutional claim pursuant to 42 U.S.C. § 1983,[1] as well as claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117, et seq.

The pro se Plaintiff filed a one page motion for summary judgment on May 28, 2019. The Defendant also filed a motion for summary judgment that same day. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 29, 2019, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.

_____

[1]42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).



1

Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a second motion for summary judgment on June 3, 2019, as well as a response in opposition to the Defendant's motion for summary judgment on June 4, 2019 (along with a supplemental response on June 11, 2019). The Defendant filed a response in opposition to the Plaintiff's motion for summary judgment on June 11, 2019, and a response in opposition to the Defendant's second motion for summary judgment on June 17, 2019. Plaintiff thereafter filed another memorandum in opposition to the Defendant's motion for summary judgment on June 24, 2019. Plaintiff has also filed a motion to amend his Complaint to add Jon Ozmint, the former Director of the SCDC, as a party Defendant.

These motions are now before the Court for disposition.[2]

## Background and Evidence

Plaintiff alleges in his verified Complaint[3] that he was originally sentenced to the South Carolina Department of Corrections for a probation violation on September 2, 2004, that he was then sent back to the Richland County Detention Center on December 31, 2004, before again being sent back to the Department of Corrections to begin a custody sentence on February 14, 2005. Plaintiff complains that both times he was sent to the SCDC, he was entered at the Kirkland Correctional Institution Receiving and Evaluation Center, where he was "segregated from the inmate

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



general population and restricted to the (D) dorm . . . which was known to most inmates and employees as the HIV/AIDS dorm". Plaintiff further complains that he was thereafter "segregated and restricted" at other correctional institutions within the SCDC from September 2004 to October 2013. Plaintiff alleges that he was "automatically and illegally segregated" due to his "disability" (HIV), and was also subject to discrimination for this nine year period.

Plaintiff alleges that the Supreme Court held in 1998 that a patient's positive HIV status constitutes a disability under the ADA, and that being discriminated against based on his HIV status was also a violation of his constitutional rights. Plaintiff cites to several class actions related to this issue in his Complaint. Plaintiff further alleges that as a result of a class action lawsuit, an injunction was entered on July 10, 2013 requiring the SCDC to "desegregate all of the HIV positive inmates". Even so, Plaintiff alleges that he was denied the "guaranteed equal protection of the law" for the nine years he was in the SCDC up to 2013. Plaintiff further alleges that the Defendant was "negligent" in its approach and preparation in the housing of HIV inmates, because the way they were housed made his HIV status apparent to other inmates. Plaintiff seeks monetary damages, as well as immediate release from custody. See generally, Plaintiff's Verified Complaint.

In his motion for summary judgment filed May 28, 2019, Plaintiff argues that there are no genuine issues of material fact, and that he is entitled to summary judgment based upon the "statement/affidavits and a variety of direct evidence and direct proof which should be already in the court's file". However, other than Plaintiff's own statements in his verified Complaint, the only other material Plaintiff had submitted at that time were some documents attached to a filing by the Plaintiff of January 25, 2019 (Docket No. 13). These documents consist of a (presumably SCDC) checklist setting forth work restrictions, part of which indicate "HIV + o", although it is not clear



3

whether this document refers to the Plaintiff; see Court Docket No. 13-1, p. 23; a second document (an SCDC Division of Medical and Professional Health Services form) which again references the patient's HIV status; see Court Docket No. 13-1, p. 24; a copy of an SCDC Inmate HIV Treatment Compliance Agreement; see Court Docket No. 13-1, p. 25; an SCDC Health Summary for Classification/Assignment Sheet; see Court Docket No. 13-1, p. 26; a copy of an SCDC Reception and Evaluation Center form; see Court Docket No. 13-1, p. 27; and a copy of an SCDC Medical Screening Form reflecting HIV status; see Court Docket No. 13-1, p. 28. All of these documents are dated from 2004 and 2005. Plaintiff also filed an "Affidavit" on June 11, 2019 in which he reiterates many of his claims. See Court Docket No. 35-1.

No additional evidence has been submitted by either party.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege



4

facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

First, Plaintiff's claims (whether asserted under § 1983 or pursuant to the ADA) are all barred by the applicable statutes of limitation. Plaintiff concedes in his Complaint that the alleged discrimination of which he complains ended no later than October 31, 2013, shortly after the consent decree ending the segregation of HIV positive inmates was filed. <u>Complaint</u>, p. 2. However, Plaintiff did not file this lawsuit in state court until July 19, 2017, almost four years later. As correctly noted by the Defendant in its motion for summary judgment, the statute of limitations for an ADA claim is one year, while the statute of limitations for constitutional claims brought pursuant to 42 U.S.C. § 1983 is three years. <u>Finch v. McCormick Correctional Institution</u>, No. 11-858, 2012 WL 2871665, at * 2-3 (D.S.C. June 15, 2012) [Applying one year statute of limitations to ADA claims], <u>adopted by</u> 2012 WL 2871746 (D.S.C. July 12, 2012); <u>Hamilton v. Middleton</u>, No. 02-1952, 2003 WL 23851098, at * 4 (D.S.C. June 20, 2003) [Claim asserted under § 1983 subject to three years statute of limitations]. Further, to the extent Plaintiff is also attempting to assert a state law claim for negligence, that claim would be subject to a two year statute of limitations. <u>See</u> S.C. Code Ann. § 15-78-110. Therefore, all of Plaintiff's claims are subject to dismissal because this case was filed well outside the applicable statute of limitations for any of the claims asserted.[4]

---

[4]It must be noted that Plaintiff has also already attempted to litigate these same claims in three previous federal lawsuits, all of which were dismissed. <u>See</u> <u>Thomas v. South Carolina Dept. of Corrections, et al.</u>, Civil Action No. 0:14-302; <u>Thomas v. South Carolina Dept. of Corrections, et al.</u>, Civil Action No. 0:14-3244; and <u>Thomas v. South Carolina Dept. of Corrections, et al.</u>, Civil (continued...)



Moreover, in addition to this case being subject to dismissal as untimely, it is also noted that the South Carolina Department of Corrections is not even subject to suit for damages in this court in a § 1983 action, as it enjoys Eleventh Amendment immunity from suit in this Court. See Will v. Michigan State Police, 491 U.S. 58 (1989) [A state is not a "person" amenable to suit under § 1983]; South Carolina Department of Disability and Special Needs v. Hover Universal, Inc., 535 F.3d 300 (4th Cir. 2008) [A state agency is an "arm of the state", and is therefore not a "person" amenable to suit under § 1983]. Although Plaintiff has now filed a motion to amend his Complaint to add Jon Ozmint as a party defendant for purposes of his § 1983 claims, that motion should be **denied** as futile, since even if Ozmint is substituted for the SCDC as the party defendant, Plaintiff's § 1983 claims are still subject to summary judgment on statute of limitations grounds.

It is further noted that, although Plaintiff's claims are subject to dismissal on other grounds, he has also failed to either plead or prove that he exhausted his administrative remedies (as required under the ADA) before filing this lawsuit. See Toscani v. Litton, No. 11-3171, 2012 WL 7060753, at * 6 (D.S.C. June 29, 2012) [Holding that exhaustion under the Prison Litigation Reform Act (PLRA) is required for ADA claims], adopted by 2013 WL 523097 (D.S.C. Feb. 12, 2013);[5] Mooreheard v. Story, No. 16-3403, 2016 WL 7157026, at * 2 (D.S.C. Nov. 9, 2016), adopted by 2016 WL 7221708 (D.S.C. Dec. 7, 2016) [same]; Harding v. Green, No. 11-1561, 2012 WL

---

[4](...continued)
Action No. 0:14-4903. All of those cases were dismissed without prejudice and without service of process.

[5]If Plaintiff had pursued administrative remedies, the one year limitations period for filing his ADA claim would have been tolled while he was exhausting those remedies. Cf. Battle v Ledford, 912 F.3d 708, 718-720 (4th Cir. 2019). Even so, there is no basis in the record for the Court to find that Plaintiff could file this action four (4) years after the fact. See also Henderson v. Harmon, 750 Fed.Appx. 236, 237-238 (4th Cir. 2019).



1203956, at * 2 (D.Md. Apr. 9, 2012) (same) (citing <u>O'Guinn v. Lovelock Correctional Center</u>, 502 F.3d 1056, 1060-1061 (9th Cir. 2007). Additionally, Plaintiff also cannot obtain release from custody (the only non-monetary relief sought in the Complaint) through the filing of a civil rights action. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 476 (1973) [Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release]. Finally, to the extent Plaintiff is seeking monetary relief under the South Carolina Constitution, as opposed to the Federal Constitution, "the South Carolina Constitution does not provide for monetary damages for civil rights violations [nor has] the legislature . . . enacted an enabling statute". <u>Palmer v. South Carolina</u>, Op. No. 5641, __S.E.2d __, 2019 WL 1646235 at * 4 (S.C. Ct. App. 2019).

Therefore, based on the foregoing, it is recommended that the Plaintiff's motions for summary judgment be **denied**, that his motion to amend to add Jon Ozmint as a party defendant also be **denied**, that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 3, 2019
Charleston, South Carolina

7



**Notice of Right to File Objections to Report and Recommendation**


The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).