IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Charles E. Thomas, #128376, | Civil Action No. 9:18-cv-3579-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| South Carolina Department of Corrections, | |
| Defendant. | |

This matter is before the court on Plaintiff's Complaint pursuant to 42 U.S.S. § 1983 and the Americans with Disabilities Act, filed December 2, 2018. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

On May 28, 2019, both Plaintiff and Defendant filed motions for summary judgment. ECF Nos. 29 (Plaintiff's motion), 30 (Defendant's motion). A *Roseboro* Order was mailed to Plaintiff, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 31. On June 3, 3019, Plaintiff filed a second motion for summary judgment.[1] ECF No. 33. The motions were fully briefed. *See* ECF Nos. 34, 35, 36, 38, 29, 40. On July 3, 2019, the Magistrate Judge issued a Report recommending Plaintiff's motions for summary judgment be denied, Plaintiff's motion to amend be denied, and Defendant's motion for summary judgment be granted based on the statute of limitations, immunity, and failure to exhaust administrative

---

[1] Plaintiff also filed a motion to amend his complaint to add Jon Osmint, former prison director, as a Defendant. ECF No. 37.

remedies. ECF No. 42. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a reply to the Report, noting he wishes the matter to be closed. ECF No. 44.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's "reply" to the Report notes he "accept[s] the dismissal of his summary judgment and this civil action is over." ECF No. 44. He states he no longer wishes to pursue his case or "to receive anything further pertaining to the above civil action number," and that he "rest[s] his case at this time." *Id.*

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's reply, the court agrees with the Report's recommendation. However, as Plaintiff has requested his case be dismissed, the court hereby dismisses his case with

prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[2]  All pending motions (ECF Nos. 29, 30, 33, 37) are dismissed as moot.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
July 15, 2019

---

[2] Although this rule states dismissals under this paragraph are without prejudice unless the order otherwise states, the court finds dismissal with prejudice appropriate in this case due to the stage of the litigation.

3